UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>　Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF INTERIOR,<br><br>　Defendant, | Case No.: 1:15-cv-00047-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: INTERVENOR APPLICANTS' MOTION TO INTERVENE**<br><br>**(Docket No. 11)**<br><br>**ORDER AMENDING JUNE 16, 2015 CASE MANAGEMENT ORDER** |

　　Now pending before the Court is Idaho Wool Growers Association's, Minidoka Grazing Association's, and Etcheverry Sheep Company's (collectively "Intervenor Applicants") Motion to Intervene (Docket No. 11).  Neither Plaintiff Western Watershed Project ("WWP") nor Defendant U.S. Department of Interior ("Interior") opposes Intervenor Applicants' Motion (Docket Nos. 13 & 16).[1]  Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order and Order Amending June 16, 2015 Case Management Order:

## I. BACKGROUND

　　This action challenges Interior's approval of 15 Bureau of Land Management ("BLM") grazing decisions and BLM's accompanying environmental assessment as violating the National Environmental Policy Act ("NEPA"), the Federal Land Policy Management Act ("FLPMA"),

---

　　[1] While WWP does not oppose Intervenor Applicants' efforts to intervene, it does take issue with the Motion's discussion of costs and fees that WWP has been awarded in previous litigation.  *See generally* Pl.'s Resp. to Mot. to Intervene (Docket No. 16).  This disagreement is immaterial to the underlying merits of Intervenor Applicants' Motion.

**MEMORANDUM DECISION AND ORDER AND ORDER - 1**

and the Administrative Procedures Act ("APA").  According to WWP, the final decisions (1) grant 10-year permits for sheep grazing on the Big Desert Sheep Allotment ("Big Desert Allotment"); (2) approve a 40-day expansion of the season of use on the Big Desert Allotment; and (3) authorize development of a "forage reserve" within the Big Desert Allotment (which would require 17 miles of new fencing within priority habitat for sage-grouse).  WWP seeks declaratory and injunctive relief from Interior's approval of BLM's decisions under the APA.

The Intervenor Applicants include a permittee of the Big Desert Allotment (Etcheverry Sheep Company), an association of permittees of the Big Desert Allotment (Minidoka Grazing Association), and an organization of sheep producers in the state of Idaho (Idaho Wool Growers Association).  According to Intervenor Applicants, they have common and united interests in (1) the utilization of forage on the Big Desert Allotment at permit levels, (2) their continued access to state and private lands within the Big Desert Allotment, (3) their use of improvements made on the rangeland, (4) restoring sage-grouse, and (5) being a part of the conversation if and when WWP attempts to reduce its claims to settlement.  They therefore seek to intervene in this action.

## II. DISCUSSION

**A.     Legal Standard**

FRCP 24(a) contains the standards for intervention as of right, and it states in pertinent part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

**MEMORANDUM DECISION AND ORDER AND ORDER - 2**

The Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). In general, the Court must construe FRCP 24(a) liberally in favor of potential intervenors. *See id.* at 818. Moreover, the Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id.* However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

**B.     Intervenor Applicants Have a Right to Intervene**

There is no contention that Intervenor Applicants' application for intervention is untimely – the first factor. To resolve the second and third factors – whether the Intervenor Applicants may suffer, as a result of this lawsuit, an impairment of a "significantly protectable" interest – the Court must follow "practical and equitable considerations and construe the Rule broadly in favor of proposed intervenors." *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011). The proposed intervenor must show an "interest protectable under some law" and further show that "there is a relationship between the legally protected interest and the claims at issue." *Id*. at 1180. A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*.

**MEMORANDUM DECISION AND ORDER AND ORDER - 3**

Here, Intervenor Applicants argue that they have a longstanding interest in grazing access on the Big Desert Allotment:

> Etcheverry Sheep Company and other members of the Minidoka Grazing Association have permits to graze sheep on the BLM portions of the Big Desert [Allotment]. These permits have economic value to the [p]ermittees. In addition, Etcheverry Sheep Company and the members of the Minidoka Grazing Association utilize 17,000 acres of state and private lands within the [Big Desert] [A]llotment. WWP's proposed injunction would eliminate access to Big Desert forage. The reduction in available grazing pastures would impact other sheep producers, including other members of the Idaho Wool Growers Association. A diminution in available spring and fall grazing on the Big Desert [Allotment] could force up to 40,000 sheep onto adjacent pastures, causing crowding and competition with other Idaho Wool Growers Association members. It is, therefore, in the interest of the Idaho Wool Growers Association to ensure that the Big Desert [Allotment] remains available to Etcheverry Sheep Company and the members of the Minidoka Grazing Association.

Mem. in Supp. of Mot. to Intervene, pp. 12-13 (Docket No. 11, Att. 1); *see also id*. at pp. 13-14 (discussing additional interest in range improvements and sage-grouse recovery in Big Desert Allotment and continuation of sheep production in Idaho).

Moreover, pointing to WWP's request that this Court "enjoin[ ] BLM from implementing, or proceeding with, any and all construction of ground-disturbing activities unless and until such time as [Interior] has completed a lawful analysis," Intervenor Applicants argue that this action absolutely may impact these above-stated interests. *See id*. at p. 14 (quoting Compl., p. 34, ¶ D (Docket No. 1)). They contend that "[t]he elimination of such activities would not only prohibit grazing, but would also prohibit access to state and private lands, use and maintenance of rangeland improvements, sage-grouse monitoring and habitat enhancement," while "put[ting] pressure on other forage resources utilized by members of the Idaho Wool Growers Association." *Id*. at pp. 14-15. Separately, in the absence of this requested injunction, Intervenor Applicants submit that an order from this Court finding that BLM violated FLPMA,

**MEMORANDUM DECISION AND ORDER AND ORDER - 4**

NEPA, and the APA "would likely result in substantial delays that could restrict the [p]ermittees from fully utilizing their grazing permits." *Id*. at 15.

These arguments sufficiently satisfy the second and third elements that the Intervenor Applicants show they have a "significantly protectable" interest that could be impaired by this litigation. *See, e.g.*, *Western Watersheds Project v. U.S. Fish and Wildlife Service*, 2011 WL 2690430 (D. Idaho 2011) (granting intervention upon showing that relief might consist of mitigation measures that could have substantial effect on permits held by proposed intervenors).

The fourth and final factor for intervention examines whether the Intervenor Applicants' interests are already adequately represented by Interior. To resolve this issue, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg*, 268 F.3d at 822. The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest. *See id*. However, the burden of showing inadequacy is "minimal," and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Id*. In assessing the adequacy of representation, the focus should be on the "subject of the action," not just the particular issues before the court at the time of the motion. *See id*.

Here, the Intervenor Applicants were not named as defendants; but WWP is alleging that they are among those involved with grazing sheep on the Big Desert Allotment to the detriment of the sage-grouse population. *See, e.g.*, Compl., pp. 10 & 13, ¶¶ 39 & 52-53 (Docket No. 1) ("The destruction, fragmentation, and degradation of sagebrush habitats over past decades –

**MEMORANDUM DECISION AND ORDER AND ORDER - 5**

including through the effects of livestock grazing and grazing-related infrastructure, vegetation treatments, and fire – have caused substantial declines in sage-grouse populations and range reduction of about 44% from their estimated historic range. . . . . Livestock management and grazing by domestic animals can seriously degrade sage-grouse habitat. . . . . Livestock also compete directly with sage-grouse resources."). In other words, the Intervenor Applicants may have a unique understanding of (or, at the very least, a first-hand basis for understanding) the Big Desert Allotment and, likewise, may have insights that the existing parties lack. *See Western Watersheds Project*, 2011 WL 2690430 , at *4 (finding that cattle ranchers may have special insights into sage grouse habitat on the land they have ranched for generations). Additionally, it cannot be said (and nobody has) that Interior will "undoubtedly" make the Intervenor Applicants' arguments for them. Interior is charged with protecting many different interests, and it is at least possible that those other interests may not run exactly parallel to, or fully account for, the interests of Intervenor Applicants. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) ("the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'") (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)).

      The Intervenor Applicants need only make a "minimal" showing on inadequacy. They have made that showing. The discussion above shows that they meet all the requirements for intervention as of right, and the Court will accordingly grant the Motion. However, to ensure against redundancy, the Court will require counsel for Intervenor Applicants to take special efforts to ensure that their briefing and arguments are not redundant with those of Interior, and that page limitations are not bypassed through the splitting up of arguments.

**MEMORANDUM DECISION AND ORDER AND ORDER - 6**

C.   **The Case Management Order is Amended**

On June 16, 2015, the Court entered a Case Management Order (Docket No. 18), outlining the briefing schedule pertaining to the parties' anticipated motions for summary judgment. Since then, WWP filed its Motion for Summary Judgment (Docket No. 22) by its August 21, 2015 deadline for doing so. The Case Management Order included a September 18, 2015 deadline for Interior to file its consolidated brief in opposition to WWP's Motion for Summary Judgment and in support of its own Cross-Motion for Summary Judgment. However, now, with the granting of Intervenor Applicants' Motion, certain of the remaining deadlines contained within the Case Management Order need to be changed.

Hence, the Case Management Order is amended as follows:[2]

- **October 2, 2015:** Deadline for Defendants to file their consolidated brief in opposition to WWP's Motion for Summary Judgment and in support of their Cross-Motions for Summary Judgment;

- **October 16, 2015:** Deadline for Plaintiff to file its consolidated brief in opposition to Defendants' Cross-Motions for Summary Judgment and reply in support of its Motion for Summary Judgment;

- **October 30, 2015:** Deadline for Defendants to file their reply brief in support of their Cross-Motions for Summary Judgment.

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Intervenor Applicants' Motion to Intervene (Docket No. 11) is GRANTED. Additionally the Case Management Order (Docket No. 18) is amended as follows:

- **October 2, 2015:** Deadline for Defendants to file their consolidated brief in opposition to WWP's Motion for Summary Judgment and in support of their Cross-Motions for Summary Judgment;

---

[2] If there are unforeseen (to the Court) complications that would result from the change in these deadlines, the parties may present a stipulated request to modify the same.

**MEMORANDUM DECISION AND ORDER AND ORDER - 7**

- **October 16, 2015:** Deadline for Plaintiff to file its consolidated brief in opposition to Defendants' Cross-Motions for Summary Judgment and reply in support of its Motion for Summary Judgment;

- **October 30, 2015:** Deadline for Defendants to file their reply brief in support of their Cross-Motions for Summary Judgment.

DATED: **September 10, 2015**



Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER AND ORDER - 8**